Mark D. DOCKSTEADER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 90–CA–000520–MR.

Court of Appeals of Kentucky.

Jan. 18, 1991.

Kelly J. Brown, Fort Mitchell, for appellant.

Frederic J. Cowan, Atty. Gen., R. Levertis Bell, Sr., Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, EMBERTON and HAYES, JJ.

EMBERTON, Judge:

This is an appeal in a criminal case wherein the appellant, Mark Docksteader, alleges that the evidence used against him was obtained in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Section 10 of the Kentucky Constitution.

On September 1, 1989, at approximately 3:30 a.m., while heading south on York Street in Newport, Kentucky, officers Kim and Schaefer observed an automobile stopped on the wrong side of Ninth Street. The three individuals inside the automobile appeared to be arguing which prompted the officers to further investigate. Officer Schaefer noticed appellant sitting on the passenger's side with what appeared to be a can of beer between his legs.

At this point, the occupants were asked to exit the automobile, and appellant, with

his hands raised, stepped from the car and informed the officers that he had a knife on his hip. After removing the weapon, Officer Schaefer proceeded with a patdown search of the appellant. A pouch was found strapped to his hip and upon inquiry as to its contents, appellant replied "cigarettes." At approximately this point, the female driver of the automobile fled.

Officer Schaefer performed an outside probe of the pouch and felt a hard object inside which was later identified as a piece of plastic. He then removed the pouch from the appellant, opened and searched it, whereupon he found several vials, a plastic bag, white powder, a piece of plastic, a pipe, and a razor blade. Appellant was then placed under arrest.

The court overruled appellant's motion to suppress the evidence, and a conditional plea of guilty to possession of a narcotic controlled substance was entered. This appeal followed.

■ The questions presented involve the reasonableness of the investigatory stop and the permissible scope of the search that followed. Where probable cause is lacking, the forceable encounter or stop of a citizen by a police officer must arise from a reasonable articulable suspicion that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). It is the reasonableness of the officer's actions, given the facts available to him at the time, that is the touchstone of our inquiry.

■ In the present case, the officers' actions were based upon personal observation. An automobile was parked on the wrong side of the street in Newport, Kentucky, at 3:30 a.m., and its occupants appeared to be arguing. The officers approached[1] the automobile whereupon appellant was seen with what appeared to be an open beer can in plain view between his legs. The question we first address is whether the officer was justified, based on these facts, in requesting appellant to exit the car.

Clearly, not only did the time, place, and the parties' conduct indicate to the officers that criminal activity was afoot but appellant appeared to be committing a misdemeanor offense in the officers' presence. KRS 222.202 prohibits the consumption of alcohol beverages in a public place, which Officer Schaefer reasonably believed appellant was violating. Thus, we find no merit in appellant's contention that it was impermissible for the officers to request appellant to exit the automobile. *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).

■ Nor, do we agree that because appellant was suspected of committing a nonviolent misdemeanor offense, a *Terry* patdown search was inappropriate. The patdown sanctioned in *Terry* allows an officer the defense measure of a detailed probe of the subject's clothing and body to assure that there are no concealed weapons. *Id.* 392 U.S. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908. Unfortunately, the reality of the dangers encountered daily by police officers dealing with on-the-street confrontations, mandate that an individual's private interests be balanced against the protection of the officer. We believe that whether the officer suspects the individual to be involved in a misdemeanor or felony offense is not the subject of our query. In the final analysis, the test is whether the facts available to the officer at the moment of the search, would warrant a person of reasonable caution to believe the suspect may have a weapon.

The appellant, upon stepping from the car, announced that he had one weapon, a knife. In *Brock v. Commonwealth*, Ky. App., 627 S.W.2d 39 (1981), we held that once an officer sees a weapon on a suspect, he is clearly justified under *Terry* to perform a pat-down search of the suspect's person. Once a suspect is found to have one weapon, the probability of another one on or about his person heightens. There-

---

1. We do not believe merely approaching a stopped vehicle, without some show of force or authority, is a seizure within the Fourth Amend-

ment. *Terry, supra.* Appellant does not seriously contend otherwise.

fore, we find the pat-down search of appellant's person justified.

 The narcotics in this case were found in a pouch removed and searched by the officer. Under the circumstances, the search of the pouch, like that of the person, was permissible. The officer, already having discovered one weapon, removed the pouch and did a "pat-down" of it, whereupon, he felt a hard object. Not only was this inconsistent with the appellant's statement that the pouch contained "cigarettes," but was consistent with the suspicion that a weapon might have been concealed in the pouch. Although the pouch was removable from appellant's person, it presented potential danger to the officer if not searched for weapons and merely returned to his possession. While an officer who has stopped an individual may have the upper hand in such encounters, the tables can be quickly turned. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court recognizing the inherent dangers in an on the street encounter stated that:

> In any event, we stress that a *Terry* investigation, such as the one that occurred here, involves a police investigation "at close range," when the officer remains particularly vulnerable in part because a full custodial arrest has not been effected, and the officer must make a "quick decision as to how to protect himself and others from possible danger." In such circumstances, we have not required that officers adopt alternative means to ensure their safety in order to avoid the intrusion in a *Terry* encounter. (citations omitted)

The court went on to hold that a police officer may conduct an area search of the passenger compartment of an automobile to recover weapons, as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous. *Id.* 463 U.S. at 1052, 103 S.Ct. at 3482, 77 L.Ed.2d at 1221.

The fundamental question is reasonableness. We believe it would be totally unreasonable to limit the *"Terry"* search to only the outer·clothing of the suspect if the officer possesses an articulable and objectively reasonable belief that weapons are in or about the suspect's immediate control and vicinity. Here, the officer searched a pouch which he reasonably suspected contained a weapon. Had he not done so the appellant would have had access to any weapons inside and the officer left at his mercy.

We find that the stop and search of appellant's person and the pouch were well within the spirit and law of *Terry* and its progeny. Although contraband other than weapons was found, the officer was not required to ignore it, and it need not be suppressed. *Dunn v. Commonwealth*, Ky.App., 689 S.W.2d 23 (1984).

The judgment of the trial court is affirmed.

All concur.